UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VERIZON NEW ENGLAND,<br>    Plaintiff,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF<br>LABOR AND TRAINING,<br>    Defendant. | C. A. No. 12-459-M |

**ORDER**

Before this Court is Defendant Rhode Island Department of Labor and Training's (RIDLT) Motion to Dismiss (ECF No. 14) and Plaintiff Verizon New England's (Verizon) Opposition. (ECF No. 16.)

On August 6, 2011, a collective bargaining agreement between Verizon and its employees, including members of a local of the International Brotherhood of Electrical Workers (IBEW Local) in Rhode Island, expired. Between August 7, 2011 and August 23, 2011, no collective bargaining agreement was in effect and the IBEW Local members employed at Verizon did not work. After returning to work, hundreds of the IBEW Local members (the Claimants) filed for unemployment benefits, pursuant to R.I. Gen. Laws § 28-44 et seq. (1956), for the time period when they were out of work. Although their claims initially were denied by RIDLT's Director, on May 22, 2012, the RIDLT Board of Review (the Board) reversed and awarded benefits.[1] The Board found that Verizon's actions constituted a constructive and actual lockout and therefore Rhode Island's statutory prohibition on strikers receiving unemployment

---

[1] Pursuant to R.I. Gen. Laws § 42-35-15 (1956), Verizon filed an appeal of the Board's decision in Rhode Island state court.

benefits, § 28-44-16, did not apply to the Claimants. The Claimants therefore were awarded unemployment benefits. (ECF No. 3-1 at 4.)

Verizon filed a complaint in this Court against RIDLT seeking declaratory and injunctive relief on the theory that federal law preempted the Board's determination. (ECF No. 1) and moved for a Temporary Restraining Order and a Preliminary Injunction (TRO Motion) (ECF No. 2). The Claimants and IBEW Local moved to intervene. (ECF No. 4.) On June 20, 2012, at a hearing on both motions, this Court granted the unopposed Motion to Intervene and denied the TRO Motion. (ECF No. 11.)

On August 16, 2012, RIDLT moved to dismiss Verizon's complaint for failure to state a claim. (ECF No. 14.) RIDLT asserts that the Board's actions were not preempted by federal law, and that even if they were, this Court must abstain from hearing this case under the *Younger* doctrine. *Id.* Verizon responds by averring that the Board's actions were preempted and the *Younger* doctrine is inappropriate. (ECF No. 16.)

In ruling on RIDLT's motion to dismiss, this Court "assume[s] the truth of all well-pleaded facts in the complaint," and "draw[s] all reasonable inferences in [Verizon's] favor." *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). "To survive [RIDLT's] motion to dismiss, [Verizon's] "complaint must allege 'a plausible entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "The preemption issue[] raised [is] one[] of law, not of fact, and [is] amendable to resolution by a motion to dismiss the complaint." *Id.*

The United States Supreme Court's decision in *New York Telephone Company v. New York State Department of Labor* governs. 440 U.S. 519 (1979). In *New York Telephone*, the Supreme Court specifically and explicitly held that the National Labor Relations Act ("NLRA") does not preempt a state's ability to provide strikers unemployment benefits. *Id.* at 522-46.

2

Here, because the NLRA does not preempt the Board's act of awarding unemployment benefits to the Claimants, Verizon has "shown no plausible entitlement to relief." *Fitzgerald*, 549 F.3d at 52. Accordingly, RIDLT has demonstrated entitlement to dismissal of Verizon's complaint.

Furthermore, this action also must be dismissed under the abstention doctrine defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under *Younger* principles, a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "*Younger* abstention is ordinarily required if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims." *Local Union No. 12004, USW v. Massachusetts*, 377 F.3d 64, 77 (1st Cir. 2004). Because all three criteria are satisfied here, this Court must abstain.

The Board's action is not preempted by the NLRA and the *Younger* doctrine requires this Court to abstain. Therefore, RIDLT's Motion to Dismiss (ECF No. 14) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

October 9, 2012